Joseph Conway, Jr., and the International Association of Firefighters, Local 311, AFL-CIO, Petitioners-Respondents,†

v.

Board of the Police and Fire Commissioners of the City of Madison, Wisconsin, and Fire Chief Debra Amesqua, Respondents-Appellants.

Court of Appeals

*No. 01–0784. Submitted on briefs December 7, 2001.—Decided May 9, 2002.*

2002 WI App 135

(Also reported in 647 N.W.2d 291.)

† Petition to review granted 9-26-02.

163

166

On behalf of the respondent-appellant, Board of the Police and Fire Commissioners of the City of Madison, the cause was submitted on the briefs of *Scott Herrick* of *Herrick, Kasdorf, Dymzarov & Twietmeyer*, Madison.

On behalf of the respondent-appellant, Fire Chief Debra Amesqua, the cause was submitted on the briefs of *Eunice Gibson*, city attorney, and *Carolyn S. Hogg*, assistant city attorney of Madison.

On behalf of the petitioners-respondents, the cause was submitted on the briefs of *Aaron N. Halstead* of *Shneidman, Hawks & Ehlke, S.C.*, Madison.

A nonparty brief was filed by *Daniel M. Olson* of *League of Wisconsin Municipalities* of Madison, for League of Wisconsin Municipalities.

Before Vergeront, P.J., Roggensack and Lundsten, JJ.

¶ 1. VERGERONT, P.J. The Board of the Police and Fire Commissioners of the City of Madison and Fire Chief Debra Amesqua[1] appeal the judgment of the circuit court declaring that the board's Rule 7.20 is void because it exceeded the board's authority under WIS. STAT. § 62.13(5) (1999–2000).[2] Rule 7.20 permits hearing examiners, who are not necessarily members of the board, to conduct initial and evidentiary hearings in a case involving the suspension, reduction in rank, or removal of a subordinate police officer or firefighter. The board contends that the circuit court erred in its

---

[1] We will refer to the Board of the Police and Fire Commissioners and the fire chief collectively as the "board."

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

interpretation of the board's authority under § 62.13(5).[3] We agree. We conclude that the board has the authority under § 62.13(5)(g) to adopt a rule permitting a hearing examiner to carry out the tasks delineated in Rule 7.20, including conducting initial and evidentiary hearings and making a report to the board on the examiner's recommendations. Accordingly, we conclude Rule 7.20 is not void, and we reverse the judgment of the circuit court.

## BACKGROUND

¶ 2. WISCONSIN STAT. § 62.13(1) and (2)(a) require cities with a population over 4,000 to establish a board of police and fire commissioners. Section 62.13(5) specifies the procedures that must be followed in disciplinary actions against subordinates of the chief of police and chief of the fire department,[4] and provides in relevant part:

> **(5)** DISCIPLINARY ACTIONS AGAINST SUBORDINATES. (a) A subordinate may be suspended as hereinafter provided as a penalty. The subordinate may also be suspended by the commission pending the disposition of charges filed against the subordinate.
>
> (b) Charges may be filed against a subordinate by the chief, by a member of the board, by the board as a body, or by any aggrieved person. Such charges shall be in writing and shall be filed with the president of the

[3] In addition to the parties' briefs, the League of Wisconsin Municipalities submitted an amicus curiae brief seeking to reverse the decision of the circuit court.

[4] The board appoints the chief of police and the chief of the fire department, WIS. STAT. § 62.13(3); the chiefs appoint their subordinates subject to the board's approval, § 62.13(4).

board. Pending disposition of such charges, the board or chief may suspend such subordinate.

(c) A subordinate may be suspended for just cause, as described in par. (em), by the chief or the board as a penalty. The chief shall file a report of such suspension with the commission immediately upon issuing the suspension. No hearing on such suspension shall be held unless requested by the suspended subordinate. If the subordinate suspended by the chief requests a hearing before the board, the chief shall be required to file charges with the board upon which such suspension was based.

(d) Following the filing of charges in any case, a copy thereof shall be served upon the person charged. The board shall set [the] date for hearing not less than 10 days nor more than 30 days following service of charges. The hearing on the charges shall be public, and both the accused and the complainant may be represented by an attorney and may compel the attendance of witnesses by subpoenas which shall be issued by the president of the board on request and be served as are subpoenas under ch. 885.

(e) If the board determines that the charges are not sustained, the accused, if suspended, shall be immediately reinstated and all lost pay restored. If the board determines that the charges are sustained, the accused, by order of the board, may be suspended or reduced in rank, or suspended and reduced in rank, or removed, as the good of the service may require.

(em) No subordinate may be suspended, reduced in rank, suspended and reduced in rank, or removed by the board under par. (e), based on charges filed by the board, members of the board, an aggrieved person or the chief under par. (b), unless the board determines whether there is just cause, as described in this paragraph, to sustain the charges. In making its determi-

nation, the board shall apply the following standards, to the extent applicable . . . .[5]

(f) Findings and determinations hereunder and orders of suspension, reduction, suspension and reduction, or removal, shall be in writing and, if they follow a hearing, shall be filed within 3 days thereof with the secretary of the board.

(g) Further rules for the administration of this subsection may be made by the board.

(Footnote added.)

¶ 3. The rule at issue in this case, Madison Police and Fire Commissioners Rule 7.20, provides:

7.20 _Hearing Examiner_

a. The Board may engage a Hearing Examiner to

---

[5] The standards that are to be applied under WIS. STAT. § 62.13(5)(em) are:

1. Whether the subordinate could reasonably be expected to have had knowledge of the probable consequences of the alleged conduct.

2. Whether the rule or order that the subordinate allegedly violated is reasonable.

3. Whether the chief, before filing the charge against the subordinate, made a reasonable effort to discover whether the subordinate did in fact violate a rule or order.

4. Whether the effort described under subd. 3. was fair and objective.

5. Whether the chief discovered substantial evidence that the subordinate violated the rule or order as described in the charges filed against the subordinate.

6. Whether the chief is applying the rule or order fairly and without discrimination against the subordinate.

7. Whether the proposed discipline reasonably relates to the seriousness of the alleged violation and to the subordinate's record of service with the chief's department.

conduct the Initial Hearing[6] and the continuing evidentiary hearings.

---

[6] Rule 7.08 provides for the initial hearing:

7.08 <u>Initial Hearing</u> The Initial Hearing and all subsequent hearings on the Charges shall be public. No witnesses need appear at the Initial Hearing. The following will take place at the Initial Hearing:

a. The Board shall receive the report of any preliminary investigation.

b. The Board shall receive and act on requests of the parties regarding representation by lay advocate.

c. Procedural motions by the parties as to the improper completion of the form and other procedural matters may be made and shall be considered by the Board.

d. If not filed earlier, Respondent shall file with the Board a written answer to the complaint which either shall be signed and verified by the Respondent in the same manner that a complaint is to be verified, or alternatively may be signed by legal counsel appearing for the Respondent. The Board may compare the Complaint and the Answer and attempt to obtain stipulations as to matters about which the parties agree. Matters which are stipulated to need not be proven by the parties at the hearing.

e. Complainant shall provide Respondent with a list of witnesses intended in good faith to be called to prove the allegations of the Complaint, and with a copy of documentary and physical exhibits intended in good faith to be introduced, and the Board will schedule similar disclosure by Respondent. Witnesses called merely to rebut the testimony of another witness need not be disclosed in advance. Parties shall be allowed to call witnesses whose names are not included on either list and to introduce exhibits not disclosed only for good cause shown. Non-disclosed exhibits and witnesses discovered and proposed after disclosure shall be provided to the opposing party within a reasonable time frame. Neither party shall be required to call all of their respective disclosed witnesses nor to introduce all of their respective disclosed exhibits, and either party may call any witness and introduce any exhibit disclosed by the other.

171

b. The Hearing Examiner shall conduct and preside at proceedings in conformity with these rules and in consultation with Board counsel. References to the Board in this rule shall be construed to refer to a Hearing Examiner as context requires.

c. All evidentiary proceedings conducted by a Hearing Examiners [sic] shall be videotaped and a certified transcript shall be prepared.

d. Promptly following completion of the evidentiary proceedings and receipt of briefs, the Hearing Examiner shall forward the complete record to the Board and shall prepare a comprehensive report including an evaluation of witness credibility and demeanor for review by the Board and including the recommendations of the Hearing Examiner regarding disposition of the charges. The report of the Hearing Examiner shall be included in the record of Board proceedings.

e. Promptly following receipt of the Hearing Examiner's report the Board shall convene for deliberations. The Board may require further proceeding before the Hearing Examiner or before the Board. Following the close of any such further proceedings and deliberations the Board shall issue its decision in the matter.

f. Each party shall propose the form, general scope, and schedule for discovery, if any. The Board shall approve and order discovery, if any. All discovery shall be completed as provided by the Board's order.

g. Dates for the adjourned evidentiary hearing will be set.

h. If the Complainant does not appear at the Initial Hearing or at any other scheduled hearing, the Board may dismiss the complaint, either with or without prejudice, that is, with or without the right to re-file the complaint.

172

¶ 4. Lieutenant Joseph Conway, Jr., an employee of the Madison Fire Department and President of the International Association of Firefighters Local 311, and Local 311 filed this action seeking a declaratory judgment that Rule 7.20 is void.[7] Conway alleged that WIS. STAT. § 62.13 does not authorize the use of hearing examiners in a city with a population of more than 4,000 persons. He moved for judgment on the pleadings.

¶ 5. The circuit court agreed with Conway. It concluded that Rule 7.20 is void because WIS. STAT. § 62.13(5) did not authorize the board to delegate to a hearing examiner or any other person who is not a member of the board the responsibility for conducting the initial hearing and the continued evidentiary hearing in a case involving the suspension, reduction in rank, or removal of a subordinate officer. The court reasoned that the statute did not specifically authorize this, and the board could not cite to any agencies that utilize hearing examiners when there is no specific statutory authorization. The court also considered it relevant that in § 62.13(6m) the legislature provided for the use of a hearing examiner in the case of a city with a population of less than 4,000. From this, the circuit court assumed that when the legislature intended to allow for the use of a hearing examiner, it specifically so stated.

¶ 6. On appeal the board argues that the circuit court erred by construing WIS. STAT. § 62.13 too narrowly and by concluding that the provision for hearing examiners in cities of less than 4,000 indicated that the legislature did not intend to allow their use for any tasks in larger cities. Conway responds that the circuit court's decision is correct because § 62.13 neither ex-

---

[7] We will refer to Conway and Local 311 as "Conway."

pressly nor implicitly authorizes the board to adopt a rule providing any role for hearing examiners.

## DISCUSSION

¶ 7. An administrative agency has only those powers that are expressly conferred or necessarily implied from the statutory provisions under which it operates.[8] *Grafft v. DNR*, 2000 WI App. 187, ¶ 6, 238 Wis. 2d 750, 618 N.W.2d 897, *review denied*, 2001 WI 1, 239 Wis. 2d 774, 621 N.W.2d 630 (Wis. Dec. 12, 2000) (No. 00–0020). In determining whether an agency has exceeded its statutory authority in promulgating a rule, we examine the statute that authorizes the agency to promulgate rules. *Seider v. O'Connell*, 2000 WI 76, ¶ 70, 236 Wis. 2d 211, 612 N.W.2d 659.

¶ 8. As we do in construing all statutes, we look first to the statute's plain language. *Grafft*, 2000 WI App 187 at ¶ 5. If the language is clear and unambiguous on its face, we apply that language to the facts at hand. *Id.* In doing so, we consider the sections of the statute in relationship to the whole statute and to related sections. *See Elliott v. Employers Mut. Cas. Co.*, 176 Wis. 2d 410, 414, 500 N.W.2d 397 (Ct. App. 1993). We generally construe words and phrases according to common and approved usage, WIS. STAT. § 990.01(1), and we may consult a dictionary for this purpose. *State v. Sample*, 215 Wis. 2d 487, 499, 573 N.W.2d 187 (1998). Relying on a dictionary to establish the common meaning or words does not mean the statute is ambiguous. *Id.*

---

[8] The parties do not dispute that the board is to be treated as an administrative agency and as such has only those powers that are expressly conferred by statute or necessarily implied.

¶ 9. When construing a statute involving the scope of an agency's power, we interpret the statute de novo, giving no deference to the agency's opinion. *Grafft*, 2000 WI App 187 at ¶ 4.

¶ 10. The first step in deciding whether an agency's rule was promulgated by express authorization from the legislature is to "identify the elements of the enabling statute and match the rule against those elements." *Wisconsin Hosp. Ass'n v. Natural Res. Bd.*, 156 Wis. 2d 688, 706, 457 N.W.2d 879 (Ct. App. 1990). If a rule matches the statutory elements, then the statute expressly authorizes the rule. *Id.* The enabling statute need not spell out every detail of a rule in order to expressly authorize it; if it did, no rule would be necessary. *Id.* at 705–06. Accordingly, whether the exact words used in an administrative rule appear in the statute is not the proper question. *Id.* at 706.

¶ 11. Turning to WIS. STAT. § 62.13(5), we begin by observing that the legislature has provided an express statement of its purpose in enacting WIS. STAT. §§ 62.01 through 62.26. Section 62.04 provides in part:

> For the purpose of giving to cities the largest measure of self-government compatible with the constitution and general law, it is hereby declared that ss. 62.01 to 62.26 *shall be liberally construed* in favor of the rights, powers and privileges of cities to promote the general welfare, peace, good order and prosperity of such cities and the inhabitants thereof.

(Emphasis added.) We bear this general purpose in mind as we consider the enabling statute, § 62.13(5)(g),

175

which authorizes the board to make rules for the administration of subsec. (5).

¶ 12. The duties specifically vested in the board under WIS. STAT. § 62.13(5) regarding hearings are the following: (1) providing for a public hearing, in which both the accused and the complainant may be represented by an attorney and may compel the attendance of witnesses, § 62.13(5)(d); (2) determining whether there is just cause to sustain the charges applying the standards of § 62.13(5)(em)1–7; (3) determining the appropriate disposition, § 62.13(5)(e); and (4) reducing to writing the findings and determinations and orders of suspension, reduction, or removal, § 62.13(5)(f). After specifying these and other duties of the board, the legislature provided that "[f]urther rules for the administration of this subsection may be made by the board." Section 62.13(5)(g). The dictionary definition of administration is: "5 a: the principles, practices, and rationalized techniques employed in achieving the objectives or aims of an organization." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 28 (unabr. 1993).

¶ 13. We conclude Rule 7.20 plainly comes within the board's express authority to promulgate rules to administer WIS. STAT. § 62.13(5). Rule 7.20 provides practices and rational techniques employed to aid the board in fulfilling the objective of providing public hearings as required by § 62.13(5). The rule assists the board in carrying out its duties under § 62.13(5)(d), (e), (em), and (f). Rule 7.20 does not, as Conway appears to contend, delegate to the hearing examiner the duty to make the "just cause" determination or the appropriate disposition. Under Rule 7.20 the hearing examiner is required to provide to the board a comprehensive report, including an evaluation of witness credibility

and demeanor, and recommendations for disposition of the matter. In addition, the hearing must be videotaped and a certified transcript prepared. The board may require further proceedings before either the hearing examiner or the board itself. Under the rule the board, not the hearing examiner, makes the final decision and the disposition.

¶ 14. Conway points out that under Rule 7.20 a hearing examiner may consider procedural motions, the parameters of discovery, and may even dismiss the complaint at the initial hearing. However, the hearing examiner is able to dismiss a complaint against the officer only if the complainant fails to appear at the initial hearing. Madison Police & Fire Comm'rs Rule 7.08(h). Conway does not explain why the board may not delegate these tasks to a hearing examiner if it determines this will aid the board in more efficiently carrying out its duties. If Conway is suggesting that delegation of these tasks renders the proceedings unfair, he has not explained why. We observe that in administrative proceedings due process does not require that evidence be taken before the officer who ultimately decides the matter. *Tecumseh Prods. Co v. Wisconsin Employment Relations Bd.*, 23 Wis. 2d 118, 126, 126 N.W.2d 520 (1964).

¶ 15. The supreme court has previously observed that the ability of administrative agencies should not be unnecessarily restricted by the courts:

In resolving this issue[, the effect of the absence of a member of a municipal board from a hearing,] we consider the absence of a member of an administrative agency (while acting in a quasi-judicial capacity), from a portion of a hearing stands in a different category than the absence of a juror from the courtroom during

177

a portion of the trial. In the latter case of course the verdict would be void. Courts should be careful not to lay down such stringent rules with respect to administrative agencies as to hamstring their efficient operation. This court in *Wright v. Industrial Comm.* (1960), 10 Wis. (2d) 653, 103 N. W. (2d) 531, held there was no denial of due process where two different examiners in a workmen's compensation case separately conducted hearings and then both joined in the findings and order. Inherent in this determination was the assumption that each examiner was in some manner adequately informed of the nature of the material testimony given at the hearing conducted by the other examiner.

*State ex rel. Cities Serv. Oil Co. v. Board of Appeals*, 21 Wis. 2d 516, 540–41, 124 N.W.2d 809 (1963) (reviewing whether a hearing before the zoning board of appeals under Wis. Stat. § 62.23(7)(e) (1959) was void because of a commissioner's absence). Bearing in mind that a hearing under Rule 7.20 is videotaped, a transcript is prepared, and the board receives only a report from the hearing examiner, we see no reason to "hamstring [the board's] efficient operation" by declaring Rule 7.20 void. Instead, we conclude the rule falls squarely within the board's administration of its duties under Wis. Stat. § 62.13(5) and the legislature's express authorization that the board may make rules for that purpose.[9]

---

[9] Conway also argues that the hearing must be before the board, not a hearing examiner, because under Wis. Stat. § 62.13(5)(c), a subordinate suspended by the chief may "request[] a hearing before the board." This paragraph, when read as a whole, describes the procedures to be followed when a chief suspends a subordinate. It is not reasonable to read this paragraph to limit the authority expressly granted to the board in § 62.13(5)(g).

¶ 16. Conway refers us to other statutes in which the legislature has expressly allowed administrative agencies to delegate the task of hearing contested cases to persons other than the agency: Wis. Stat. § 111.07(5) (relating to unfair labor practices and Wisconsin Employment Relations Commission (WERC)), Wis. Stat. § 111.70(4)(a) (relating to bargaining in municipal employment and WERC), and Wis. Stat. § 111.39(4)(a) (relating to fair employment and the Department of Workforce Development). In addition, Conway cites to Wis. Stat. § 227.46(1), which provides that state agencies, unless otherwise specifically restricted by statute, "may designate an official of the agency or an employee on its staff or borrowed from another agency . . . as a hearing examiner to preside over any contested case." Conway argues that taken together, these statutes demonstrate that when the legislature intends to allow an agency to delegate tasks to hearing examiners, the legislature expressly so states.

¶ 17. We do not consider these statutes to be helpful or persuasive in construing Wis. Stat. § 62.13(5). Wisconsin Stat. §§ 111.07(5) and 111.70(4)(a) allow for the hearing examiner to make the findings and order, and Wis. Stat. § 111.39(4)(a) allows the hearing examiner to hear and decide the complaint. As discussed in ¶ 13, Rule 7.20 does not purport to delegate to the hearing examiner the authority to make the determination and disposition required under § 62.13(5). In addition, the board is not an agency of the state government controlled by Wis. Stat. ch. 227. Wis. Stat. § 227.01 (defining agency as "a board, commission, committee, department or officer in the state government . . . ."). Instead, Wis. Stat. ch. 62 governs

179

the board's authority to act, and that authority is to be liberally construed. WIS. STAT. § 62.04.

¶ 18. Conway, as did the circuit court, considers the express provision in WIS. STAT. § 62.13(6m) for the use of hearing examiners in cities with a population of less than 4,000 to support his position. Conway relies on the rule of statutory construction that the omission of a provision that is included in a similar statute on a related subject shows the legislature had a different intent. *State v. Deborah J.Z.*, 228 Wis. 2d 468, 475–76, 596 N.W.2d 490 (Ct. App. 1999). Applying this rule, Conway argues that the legislature did not intend to allow cities over 4,000 to use hearing examiners. This argument overlooks the difference between the authority of hearing examiners under § 62.13(6m) and under Rule 7.20.

¶ 19. WISCONSIN STAT. § 62.13(6m) provides:

> **(6m)** If a city of less than 4,000 population has not by ordinance applied subs. (1) to (6) to the city, the city may not suspend, reduce, suspend and reduce, or remove any police chief or other law enforcement officer who is not probationary, and for whom there is no valid and enforceable contract of employment or collective bargaining agreement which provides for a fair review prior to that suspension, reduction, suspension and reduction or removal, unless the city does one of the following:
>
> (a) Establishes a committee of not less than 3 members, none of whom may be an elected or appointed official of the city or be employed by the city. The committee shall act under sub. (5) in place of the board of police and fire commissioners. The city council may provide for some payment to each member for the member's cost of serving on the committee at a rate established by the city council.

(b) Appoint a person who is not an elected or appointed official of the city and who is not employed by the city. The person shall act under sub. (5) in place of the board. The city council may provide for some payment to that person for serving under this paragraph at a rate established by the city council.

¶ 20. WISCONSIN STAT. § 62.13(6m) establishes two alternative ways to conduct hearings in cities that are not required to establish a board of police and fire commissioners—a committee or a hearing examiner.[10] Either acts entirely in place of the board under subsec. (5) in all respects. Thus, for example, a hearing examiner under subsec. (6m) has the duty that a board has under subsec. (5) to make the "just cause" determination and the appropriate disposition. It may be reasonable to infer from subsec. (6m) that the legislature did not intend that in cities with a board, a hearing examiner could assume all the board's responsibilities under subsec. (5). However, this subsection does not indicate that the legislature did not intend to permit the board to delegate to a hearing examiner under its rule-making authority the tasks the board has identified in Rule 7.20.

■

¶ 21. Finally, Conway argues that special qualifications for board appointment prohibit delegation of any of the board's functions to a hearing examiner. The board is composed of an impartial body that operates independently of the city itself. *Eau Claire County v. General Teamsters Union Local No. 662*, 228 Wis. 2d

---

[10] WISCONSIN STAT. § 62.13(2)(a) provides that, except as provided in subsec. (6m), § 62.13(1)-(6) does not apply to cities of less than 4,000 population except by ordinance adopted by a majority of all the members of the council.

640, 650, 599 N.W.2d 423 (Ct. App. 1999), *aff'd,* 2000 WI 57, 235 Wis. 2d 385, 611 N.W.2d 744. The board is comprised of citizen members who have no direct interest in the outcome of the case, as would a party to the dispute, and member appointment is designed to prevent the board from operating as an agent of a city official or police or fire chief. *Id.* Conway does not explain how the use of a hearing examiner appointed by the board under Rule 7.20 circumvents or diminishes the independent nature of the board. Accordingly, we do not consider this argument further.

¶ 22. We conclude the use of a hearing examiner as delineated in Rule 7.20 is a valid exercise of the board's rule-making authority under Wis. Stat. § 62.13(5)(g). Rule 7.20 provides a rational and efficient means of carrying out the board's duties under § 62.13(5) and does not delegate to the hearing examiner the specific duties vested in the board under that section.

*By the Court.*—Judgment reversed.